Alex B. Hernandez, III
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Kyle Afton Ward

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(The Honorable Lonny R. Suko)

| | |
|---|---|
| United States of America,<br><br>                                  Plaintiff,<br><br>     v.<br><br>Kyle Afton Ward,<br><br>                                  Defendant. | No.  1:17-CR-2041-LRS<br><br>Defendant's Sentencing Memorandum and Motion for Downward Departure |

KYLE AFTON WARD, by and through his attorney, Alex B. Hernandez, III, for the Federal Defenders of Eastern Washington and Idaho, hereby submits this sentencing memorandum.

## Status of the Case

On August 11, 2017, Kyle Afton Ward, was arraigned on two counts of Arson, in violation of Title 18, U.S.C. §§ 81 and 1153.  Mr. Ward was found guilty of these charges by a jury trial.

Defendant's Sentencing
Memorandum:  1

Mr. Ward has been in federal custody since his arrest on August 9, 2017. A sentencing hearing is currently scheduled before U.S. District Judge Lonny R. Suko on November 8, 2018, in Yakima, Washington at 10:00 a.m.

### I. Base Offense Level and Enhancements

Mr. Ward objects to the offense level calculations as follows:

**1. Adjustment for Acceptance of Responsibility – Pg. 9, ¶47:** Mr. Ward objects to the denial of a 2-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1. Mr. Ward asserts he is still eligible for a 2-level reduction for acceptance of responsibility based on his statements to the agents in this case. Mr. Ward was interviewed twice, and each time he explained in detail to the agents how he set the fires to the truck and the home. ECF No. 122 at 4-7. He never denied he set the fires.

However, Mr. Ward is being denied a 2-level reduction because he proceeded to trial based on insanity defense. A defendant who goes to trial based on an insanity defense, "thus advancing an issue that does not relate to his factual guilt, may nevertheless qualify for an acceptance-of responsibility reduction under the sentencing guidelines. *United States*

Defendant's Sentencing Memorandum: 2

*v. Barris*, 46 F.3d 33, 35 (8th Cir. 1995).  Accordingly, this Court should grant Mr. Ward a 2-level reduction for acceptance of responsibility.

## II. Departures

Mr. Ward moves the Court to depart downward from the sentencing range contemplated in the Presentence Investigation Report based on his mental condition.

According to USSG § 5H1.3, "mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristic, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."  In this matter, based on Mr. Ward's mental condition, a downward departure is appropriate.

At the time of the offenses, Mr. Ward was suffering from delusional beliefs and auditory hallucinations, which played a significant role in the commission of the offenses.  After his arrest, Mr. Ward disclosed to officers during interviews that he was hearing voices, believed ATF agents could read his mind, and believed people were using cell phones to see inside his head.  ECF No. 122 at 6.  During trial, testimony from

Defendant's Sentencing
Memorandum:  3

the agent indicated Mr. Ward believed he could speak to dogs, and that he could communicate with his daughter while in custody.

Several months after his arrest, Dr. Delton W. Young diagnosed Mr. Ward with schizophrenia.  ECF No. 122, at 14 (PSIR); *see also* ECF No. 81, at 11.  (Exhibit A - Dr. Delton W. Young – Forensic Evaluation).  Mr. Ward believed that the syndicate, or Luminati, was controlling, manipulating and spying on him. ECF;  No. 81 at 11.  Not only did Mr. Ward believe he was being controlled, but also his parents.  *Id.* at 13.  Mr. Ward conveyed to Dr. Young he was in communication with the Luminati, obtained messages from them, and believed the Luminati was able to control his computer.  *Id.* at 14.  Even the evaluation conducted by the BOP could not rule out that Mr. Ward suffered from schizophrenia at the time of the offense, and still exhibited signs of schizophrenia during BOP's evaluation.  ECF No. 122 at 14.  While at FDC SeaTac, Mr. Ward was prescribed medication used to treat schizophrenia.  *Id.*

A downward departure to a sentence of 24 months imprisonment is warranted in this case because of Mr. Ward's mental condition.  The delusions and auditory hallucinations caused by Mr. Ward's

Defendant's Sentencing
Memorandum: 4

schizophrenia were so strong, and affected his actions to such an extent, that his mental condition was present to an unusual degree. Mr. Ward believed the Luminati was controlling him, and he felt he had to take action against them to protect himself and, to some degree, his family. Unfortunately, Mr. Ward's actions resulted in setting fire to his father's truck and the family home. Nevertheless, given Mr. Ward's mental condition, a downward departure is appropriate, and Mr. Ward requests the Court impose a 24-month sentence of imprisonment.

### III. Sentencing Factors Under 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), a sentencing court is directed to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 128 S.Ct 558, 570 (2007). A sentencing court must consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a), and cannot focus on the guidelines as the determinative factor in imposing a particular sentence. *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008). The Supreme Court emphasized the great discretion a sentencing court has to fashion a sentence based on a sentencing court's consideration of the particular

Defendant's Sentencing
Memorandum: 5

facts and circumstances of the case and particular history and characteristics of the defendant before the court. *Gall v. United States*, 128 S.Ct. 586 (2007); *Kimbrough v. United States*, 128 S.Ct. 558 (2007). When sentencing a particular defendant, it is important to recall that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. at 598 (*quoting Koon v. United States*, 116 S.Ct. 2035, 2053 (1996)). Therefore, considering what occurred in this case and Mr. Ward's background, along with the other sentencing factors, a sentence of 24 months imprisonment is sufficient, but not greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a).

1. **Nature and Circumstances of the Offense.**

Mr. Ward set fire to his family's home and his father's pickup. His actions were serious, and a term of imprisonment is warranted.

Defendant's Sentencing
Memorandum: 6

However, considering the nature and circumstances of the offenses, a sentence of 24 months is sufficient to meet the goals of sentencing.

For a period of time prior to the offenses, Mr. Ward had been using methamphetamine on a regular basis. At the time of the offenses, Mr. Ward was experiencing delusions and auditory hallucinations. Both the trial testimony and the PSIR (ECF No. 122) indicate Mr. Ward believed people could read his thoughts, including the agents, that people could look inside his head through their cell phones, that he was being controlled by the Luminate, and that by setting the fires he was fighting back against the Luminate.

As a result of his perceived battle with the Luminate, Mr. Ward set out to burn his father's pickup and the family home. The circumstances of how he set the fires are set forth in the PSIR. Mr. Ward took the truck to an orchard and set it on fire. The family home was set on fire with fireworks. Mr. Ward, however, made sure no one was home and left the doors open, so no one would be injured. Mr. Ward was arrested a few hours after setting fire to the family home.

Defendant's Sentencing
Memorandum: 7

Several months after his arrest, Mr. Ward was still suffering from strong delusional beliefs and auditory hallucinations. Dr. Delton W. Young conducted a forensic psychological evaluation, and he diagnosed Mr. Ward with schizophrenia and stimulant use disorder (methamphetamine). ECF No. 122 at 14; ECF No. 81. According to Dr. Young, Mr. Ward's schizophrenia played a significant role in the offenses.

Another forensic psychological evaluation was conducted by the BOP at FDC SeaTac by Dr. Cynthia Low. Dr. Low's report and testimony indicated Mr. Ward diagnosis could be methamphetamine-induced psychotic disorder or schizophrenia. Dr. Low indicated Mr. Ward exhibited symptoms of schizophrenia 10 months after sobriety, which is unusual. Mr. Ward was still exhibiting hallucinations at the time of the evaluation. Mr. Ward was prescribed a drug used to treat schizophrenia while at the BOP, which helped alleviate his hallucinations. ECR No 122 at 114.

While the PSIR contains references about Mr. Ward being at odds with his mother and father, it is clear Mr. Ward was suffering from a mental condition during the time of the offenses. The nature and

Defendant's Sentencing
Memorandum: 8

circumstances of the offenses are not simply a case of a young man being mad at his parents.  Indeed, Mr. Ward was suffering from a serious mental disorder he was not aware of, and which played a significant role in the offenses.

Therefore, considering the nature and circumstances of the offenses, a sentence of 24 months imprisonment is sufficient to meet the goals of sentencing.

## 2.  History and Characteristics of Mr. Ward.

Considering Ms. Ward's history and characteristics, a sentence of 24 months imprisonment is sufficient but not greater than necessary to meet the goals of sentencing.

Mr. Ward is a 28-year old young man who grew up primarily in the Yakima Valley.  A review of Mr. Ward's history and characteristics show that, except for a few driving offenses, he is an individual who's been a law-abiding citizen.  He has not committed any violent offenses or serious drug offenses, nor has he been incarcerated for any great length of time.

Mr. Ward attended several schools in the Yakima Valley.  He struggled because of lack of attendance and using marijuana.  He

Defendant's Sentencing
Memorandum:  9

struggled making friends because he transferred to the area just before entering junior high. Eventually he attended high school, and then attended Heritage University in Toppenish Washington. ECF No. 122 at 15-16; *see Declaration of Counsel (hereinafter "Dec.") – Exhibit A (Heritage University Records)*. While at Heritage University, Mr. Ward participated in several activities for the school.

In terms of his family, Mr. Ward indicates although he and has father have had their differences, his parents still support him. Mr. Ward also has two children he would see once or twice a month prior to his arrest, and he's had visits with his children while in custody. Mr. Ward, however, did experience a traumatic event as a young boy. He has shared this experience with his father only recently, and Mr. Ward is not sure of the impact of this experience on him. ECF No. 122 at 13.

Mr. Ward has struggled with his sobriety for about 12 years. He's consumed alcohol and marijuana at an early age and used both substances regularly. Over time, Mr. Ward stopped using alcohol on a regular basis, but only because he began using methamphetamine. Mr. Ward used methamphetamine on a regular basis until shortly before his

Defendant's Sentencing
Memorandum: 10

arrest. He used other substances, as well. *Id.* at 15. Mr. Ward did attend treatment at the Yakama Nation Comprehensive Community Alcoholism Program. *Dec. – Exhibit B (Yakama Nation Comprehensive Community Alcoholism Program Discharge Summary).*

Mr. Ward has held a variety of jobs throughout his life. The most recent was at AgriBeef. *Dec. – Exhibit C (Employment – Washington Beef LLC).* Mr. Ward worked at AgriBeef for over a year. *Id.* It appears he did well, and received a promotion. *Id.*

Mr. Ward's offenses are serious. However, considering Mr. Ward's history and characteristics a sentence within the guidelines ranges is greater than necessary to meet the goals of sentencing. It is clear based on his history, that Mr. Ward is not prone to acts of violence or a life of crime. In fact, in this case, Mr. Ward wanted to make sure no one was hurt in the fires he set.

Instead, Mr. Ward has struggled to maintain his sobriety for many years and only within the last few years started exhibiting signs of schizophrenia. Mr. Ward, however, was unaware he had a schizophrenia disorder that caused him to have strong delusional beliefs and auditory

Defendant's Sentencing
Memorandum: 11

hallucinations.  Now that Mr. Ward is on medication, as well maintained his sobriety, the symptoms of schizophrenia have lessened.  While some imprisonment may be appropriate, a sentence of 51-63 months is greater than necessary.

Accordingly, taking into account Mr. Ward's history and characteristics, a sentence of 24 months imprisonment is sufficient but not greater than necessary to meet the goals of sentencing.

### 3.  Additional Factors to Consider in Granting a Variance:

Mr. Ward requested the Court grant a downward departure based on his mental condition.  Alternatively, Mr. Ward also requests the Court consider his mental condition as a basis for a variance and impose a sentence of 24 months imprisonment.  As set forth in the PSIR, Dr. Young's evaluation, as well as the BOP evaluation, Mr. Ward was clearly suffering from symptoms of schizophrenia at the time of the offenses, and continued to exhibit symptoms of delusions and hallucination long after the offenses.  In fact, while at the BOP, Mr. Ward was prescribed a drug to address his schizophrenia.

Defendant's Sentencing
Memorandum:  12

When it comes to individuals who suffer from mental diseases, imprisonment is not always the answer, and variances from the guidelines should be considered. As, the District Court in *United States v. Ferguson*, 942 F.Supp.2d 1186, 1194 (M.D. Alabama, Northern Div., Feb. 20, 2013) indicated:

"In sum, while the 2010 amendments apply most clearly in the context of 'departures' from the guideline range, the court sees no reason why their teachings on the relevance of mental illness should not extend to 'variances' under 18 U.S.C. §3553(a). Following the guidelines' re-assessment of the relevance of mental and emotional conditions, these characteristics need no longer be present to 'an exceptional degree' to warrant consideration at sentencing. Moreover, the amendments demonstrate that, where mental illness or cognitive deficits are a contributing factor greatly or even only limitedly in a crime, such defendants are more likely less-deserving of punishment for punishment's sake than are those without such limitations. Finally, the amendments indicate that prison may not be the appropriate setting for mental health treatment and that the importance of effective treatment can justify adjustment of the guidelines range. Indeed, it can now be reasonably argued that, in fashioning an appropriate sentence, courts are now required to consider, and factor in , a defendant's mental illness if they are to be faithful to § 3553(a)."

Accordingly, considering that Mr. Ward's mental condition played a significant role in the offenses, a variance is appropriate and the Court should impose a sentence of 24 months imprisonment. Such a sentence addresses the need for deterrence, protects the public, provides for

Defendant's Sentencing
Memorandum: 13

adequate medical treatment, and promotes respect for the law and just punishment.

## Conclusion

Mr. Ward requests the Court impose a sentence of not more than 24 months imprisonment. Mr. Ward also requests the Court recommend he receive credit for the time he's served, and recommend placement at FDC SeaTac, or FCI Sheridan.

DATED:    October 1, 2018.

Respectfully Submitted,

s/Alex B. Hernandez, III
Alex B. Hernandez, III, 21807
Attorney for Kyle Afton Ward
Federal Defenders of Eastern
Washington and Idaho, Attorneys for
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Ben_Hernandez@fd.org

Defendant's Sentencing
Memorandum:  14

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Meghan M. McCalla, Assistant United States Attorney, and Sean Carter, United States Probation Officer.

<u>s/Alex B. Hernandez, III</u>
Alex B. Hernandez III, 21807
Attorney for Kyle Afton Ward

Defendant's Sentencing
Memorandum: 15